UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. KLEIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES ASH AND WILDLIFE SERVICE, AND CAROLYN A. LOWN,<br><br>　　　　　Defendants. | No. 2:14-cv-00700-GEB-CKD<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

　　　　On Monday, March 17, 2014, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO") to enjoin Defendants "from destroying two (2) sport-hunted African elephant (*Loxodnia africana)* tusks . . . that were seized on or about May 29, 2013." (Ex Parte Mot. for a TRO 1:25-27, ECF No. 2.) Plaintiff avers the referenced destruction will occur tomorrow. (Aff. Of Notice of Rodney A. Klein ¶ 8, ECF No. 2-2.)

　　　　As prescribed in Local Rule 231(b):

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court

1

>find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay . . . contradicts the applicant's allegations of irreparable injury . . . .

Here, Plaintiff avers: "I received a Declaration of Forfeiture on December 16, 2013, ordering the destruction of said [elephant tusks] . . . at which point in time I learned that the tusks were to be destroyed on March 18, 2014." (Aff. Of Notice of Rodney A. Klein ¶ 8.) However, Plaintiff provides no explanation concerning why he waited ninety-one days after learning of the impending destruction to file his motion for a TRO. This delay "contradicts [Plaintiff's averments] of irreparable injury." E.D. Cal. L.R. 231(b); see also Garcia v. Google, Inc., -- F.3d ---, No. 12-57302, 2014 WL 747399, at *6 (9th Cir. Feb. 26, 2014) ("[A] 'long delay before seeking a [TRO] implies a lack of urgency and irreparable harm.'" (quoting Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985))).

Further, "[i]t is well established . . . that . . . monetary injury is not normally considered irreparable." L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). However, Plaintiff relies on the conclusory and unsupported averment that "the [elephant tusks] at issue are unique, are of intrinsic value, and [their] worth greatly exceeds [their] monetary value." (Aff. of Rodney A. Klein Re: Existence of Irreparable Harm ¶ 10, ECF No. 2-3.) This woefully unsupported averment fails to evince that destruction of the subject elephant tusks would cause Plaintiff anything other than monetary injury. See In re Excel Innovations, Inc., 502 F.3d 1086, 1098-99 (9th Cir. 2007) ("[C]onclusory allegations are insufficient to

establish irreparable harm."). Since Plaintiff fails to "demonstrate that . . . [he] is likely to suffer irreparable harm in the absence of [a TRO]," Plaintiff's motion is denied. <u>Fox Broad. Co., Inc. v. Dish Network L.L.C.</u>, No. 12-57048, 2014 WL 260572, at *3 (9th Cir. Jan. 24, 2014), *amending* 723 F.3d 1067.

Dated:  March 17, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3