UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. KLEIN, | No. 2:14-cv-00700-GEB-CKD |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| UNITED STATES DEPARTMENT OF INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, and CAROLYN A. LOWN, | |
| Defendants. | |

      Defendants United States Department of the Interior, United States Fish and Wildlife Service, and federal employee Carolyn Lown, (collectively "the Defendants") move for an order substituting the United States in their place as the defendant. (Def.'s Mot. for Sub. & to Dismiss, ECF No. 9-1.) Dismissal without leave to amend is also sought under Federal Rule of Civil Procedure ("Rule") 12(b)(1), based on the contention that the Court lacks subject matter jurisdiction over this action because Plaintiff's claims are barred by sovereign immunity.

      **I.   BACKGROUND**

      The following facts and assertions are in Plaintiff's Complaint, exhibits attached thereto, and Exhibits 1 through 5 attached to the Declaration of Defendant Carolyn Lown. Plaintiff is "the hunter for and owner of two (2) African elephant tusks... that were lawfully taken in Tanzania." (Compl. ¶ 16, ECF No. 1.)

1

"Most imports of the elephant no longer require import permits, however, Tanzania is the exception." (Id. ¶ 20.)

"Plaintiff corresponded with Richard Cowan and Timothy McDonald [U.S. Fish and & Wildlife Service] Management Authority, regarding the required permitting . . . and asked if he needed an import permit for the elephant from Tanzania. Cowan and McDonald responded that Plaintiff . . . did not need an import[] permit for the elephant." (Id. ¶ 24.) "Plaintiff concluded after the aforementioned inquiries that . . . he did not need an import permit for his elephant trophy from Tanzania." (Id. ¶ 25.)

The U.S. Fish and Wildlife Service seized Plaintiff's African elephant tusks when they arrived in San Francisco on May 29, 2013, alleging the import was unlawful since Plaintiff did not have an import permit as required by the Endangered Species Act. (Compl. Ex. 1, Notice of Seizure and Forfeiture.) The U.S. Fish and Wildlife Service informed Plaintiff of its intent to forfeit the tusks and the commencement of administrative forfeiture proceedings. (Id.) It also informed Plaintiff if he did not wish to abandon the property, he could "petition for remission" through the administrative process or "file a seized asset claim" through the court system. (Lown Decl. Ex. 1 at 2, ECF No. 9-2.) Plaintiff submitted a Petition for Remission and a supplemental petition for remission. (Lown Decl. Ex. 2 at 2, ECF No. 9-2; Lown Decl. Ex. 3, ECF No. 9-2.) In November 2013, Plaintiff's Petition for Remission was denied. (Lown Decl. Ex. 4, ECF No. 9-2.) The seven-page denial opinion informed Plaintiff he had "no further administrative options available . . . to contest the proposed forfeiture of the Wildlife Specimens," but

he "still ha[d] the option of addressing in federal court the proposed forfeiture of the seized Wildlife Specimens" by "fil[ing] a Claim, which will cause the forfeiture process to be transferred from the Department of the Interior to Federal court" and that before the referenced claim could "be considered, a completed Claim form must be received by this Office by December 3, 2013." (Id.) Plaintiff did not submit the prerequisite materials required to transfer the forfeiture process to Federal Court before December 3, 2013 and the Department of the Interior subsequently commenced forfeiture proceedings. (Lown Decl. Ex. 5, ECF No. 9-2.) The Declaration of Forfeiture indicated U.S. Fish and Wildlife service would hold the tusks "in its evidence room...for 90 days from the date of this letter (i.e. through and including March 17, 2014) before sending the [tusks] to the National Wildlife Property Repository for further action." (Id.)

On March 17, 2014 Plaintiff filed suit under the Federal Tort Claims Act ("FTCA") "for damages . . . caused by the negligent and wrongful acts and omissions of agents and employees of the United States government, inter alia, negligent misrepresentation while acting within the scope of their offices and employment. . . ." (Compl. ¶ 1.) Plaintiff alleges "[t]he acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees of the U.S. Government, inter alia, negligent representation while acting within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California." (Id. ¶ 27.)

**II.  Motion to Supplement**

Defendants motion relies on the Declaration of Carolyn Lown and five accompanying exhibits: (1) "a June 12, 2013 Notice of Seizure and Proposed Forfeiture[,]"  (2) "a Petition for Remission of Forfeiture[,]" (3) "a Supplemental Petition for Remission of Forfeiture[,]" (4) a decision . . . issued on behalf of the Field Solicitor's Office on November 22, 2013 denying . . . [Plaintiff's] Supplemental Petition for Remission[,]" and (5) "a Declaration of Forfeiture and accompanying cover letter. . . sent to [Plaintiff] and his counsel on or about December 16, 2013." (Lown Decl. 2:23-3:8, ECF No. 9-2.) Defendants argue the declaration and exhibits may be considered in resolving a Rule 12(b)(1) motion. (Mot. 4 n.1.)

A court may consider evidence beyond the complaint where the defendant's Rule 12(b)(1) motion raises a factual attack on the complaint. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint . . . ." Id. However, the court does not review extrinsic evidence when considering a facial attack on jurisdiction. Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014)

4

1    Here, the evidence Defendants seek to introduce
2 supplements Plaintiff's allegations. Since Defendants' motion is
3 not a factual attack, supplementing the record cannot be
4 justified purely by arguing that the motion is brought under Rule
5 12(b)(1). However, "[a] court may. . . consider. . . documents
6 attached to the complaint [and] documents incorporated by
7 reference in the complaint. . . without converting the motion to
8 dismiss into a motion for summary judgment." U.S. v. Ritchie, 342
9 F.3d 903, 907-08 (9th Cir. 2003). Since the five exhibits
10 attached to the Lown Declaration are all referenced in the
11 Complaint, the documents are considered under the incorporation
12 by reference principle. (Compl. ¶ 10-12.)

### III. Motion to Substitute

14    Defendants argue "the Court should substitute in the
15 United States [as the only defendant, and] dismiss[] the
16 currently named defendants" since "[t]he United States is the
17 only proper party defendant in an FTCA action." (Mot. 5:20-21,
18 6:2.) Plaintiff does not oppose the substitution. (Plf. Opp'n to
19 Defs. Mot. ("Opp'n") 1:28-2:3, ECF No. 19.). Defendants' motion
20 for substitution is granted. Kennedy v. U.S. Postal Serv., 145
21 F.3d 1077, 1078 (9th Cir. 1998).

### IV.   Lack of Subject Matter Jurisdiction

**A.   Discussion**

24    The United States argues Plaintiff's Complaint should
25 be dismissed, contending each claim is barred by an exception to
26 its waiver of sovereign immunity in the FTCA. Specifically, it
27 argues Plaintiff's claims should be dismissed because "[t]he FTCA
28 expressly prohibits [government liability for] claims arising out

of negligent or intentional misrepresentation" and the detention of goods "for law enforcement purposes" where the claimant's interest in the subject property was forfeited. (Mot. 6:16-17; 25-26.)

The referenced exceptions to the FTCA prohibit government liability based on:

> (1) any claim arising out of . . . misrepresentation" and (2) "any claim arising in . . . the detention of any goods. . . by [a] law enforcement officer except [where the claim is] based on . . . loss of goods. . . while in the possession of any law enforcement officer [where] . . . the interest of the claimant was not forfeited.

28 U.S.C. §§ 2680(h), (c)(2).

### i.     Misrepresentation

The United States argues "Plaintiff's claim falls under the FTCA's misrepresentation exception because it alleges negligent representation by Fish & Wildlife employees." (Mot. 6:16-19.) Plaintiff counters "there are factual circumstances where the sovereign immunity doctrine does not prevent subject matter jurisdiction" and "the Complaint certainly could be amended to allege a theory" that does not require reliance and therefore does not run afoul of the misrepresentation exception. (Opp'n 9-10, 20-22.)

However, in United States v. Neustadt, the Supreme Court interpreted the FTCA's misrepresentation exception to bar claims for intentional and negligent misrepresentation. 366 U.S. 696, 705-06 (1961). Further the Ninth Circuit cited Neustadt in Lawrence v United States, in which it stated: "The misrepresentation exception shields government employees from

6

tort liability for failure to communicate information, whether negligent, or intentional." 340 F.3d 952, 958 (9th Cir. 2003).

Here, Plaintiff alleges an FTCA claim based on "negligent and wrongful acts and omissions of agents and employees of the U.S. Government, inter alia, negligent representation . . . ." (Compl. ¶ 27.) Since the tort of negligent misrepresentation—regardless of whether the complaint alleges reliance—is not within the FTCA's waiver of sovereign immunity, the court lacks subject matter jurisdiction over this claim and it is dismissed.

### ii. Detention of Goods

The United States also argues "[t]he FTCA's detention-of-goods exception [to its waiver of sovereign immunity]. . . prevents Plaintiff from using the FTCA to challenge" its detention of the tusks since Plaintiff's interest in this property was forfeited. (Mot. 6:21-22, 2-3.) Plaintiff argues "there is a factual issue as to whether or not Fish & Game actually detained the elephant tusks for law enforcement purposes prior to the forfeiture proceeding" and that "Plaintiff will allege in an amended Complaint that the Fish and Game officers offered to send the tusks back to South Africa so that Plaintiff could obtain the necessary import documents." (Opp'n 3:4-7.)

However, 50 C.F.R. § 12.23(c) prescribes a person's interest in property subject to forfeiture under the Endangered Species Act is forfeited when the Solicitor issues a declaration of forfeiture. Here, Plaintiff's interest in the tusks was forfeited when the U.S. Department of the Interior sent Plaintiff a Declaration of Forfeiture on December 16, 2013. (Lown Decl. Ex.

5.) Therefore, Plaintiff's claim falls within the FTCA exception for detention of goods and Plaintiff has not shown that the court has subject matter jurisdiction over this claim. Accordingly, this claim is dismissed.

## V. Dismissal Without Leave to Amend

The United States argues the dismissals should be without leave to amend since it is evident Plaintiff's claims are barred by sovereign immunity. "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Through the FTCA, the federal government waives sovereign immunity where "a private individual under like circumstances," would be subject to a tort claim. 28 U.S.C. § 2674. However, "[t]he FTCA excepts from its waiver of sovereign immunity certain categories of claims [even where a private individual under like circumstances would be subject to a tort claim] . . . . If one of the exceptions applies, the bar on sovereign immunity remains." Dolan v. U.S. Postal Service, 546 U.S. 481, 485 (2006).

Plaintiff has not shown that the United States waived its sovereign immunity for the claims he has alleged, or for the claims he argues he would allege in an amended pleading. "[L]eave to amend may be denied . . . if amendment of the complaint would be futile." Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988).

Here, it is evident that amendment would be futile; therefore, leave to amend is therefore denied.

///

**VI.   Conclusion**

For the above stated reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Because amendment would be futile, dismissal is granted WITHOUT LEAVE TO AMEND. Judgment shall be entered in favor of the United States.

Dated:   October 23, 2014

```
                              _____
                              GARLAND E. BURRELL, JR.
                              Senior United States District Judge
```